ORIGINAL

FILED
Clerk
District Court

DEC 1 3 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MICHAEL W. DOTTS, ESQ.
O'Connor Berman Dotts and Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, M.P. 96950-1969
Tel. No.: (670) 234-5684
Fax No.: (670) 234-5683

Attorneys for Plaintiff Maria Hellena Jebehn

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MARIA HELLENA JEBEHN,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH JOHN HERRERA;<br>ALOHA COUNCIL BOY SCOUTS OF<br>AMERICA, INC.; and BOY SCOUTS<br>OF AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION NO.03-0027<br><br>MEMORANDUM IN<br>SUPPORT OF MOTION FOR<br>RECONSIDERATION OF<br>ORDER GRANTING<br>DANILO T. AGUILAR'S<br>MOTION TO WITHDRAW<br>AS ATTORNEY OF RECORD |

## I.

## INTRODUCTION

In late November, 2005, Plaintiff's counsel discussed with Defendant's counsel the failure of the Defendant to comply with the terms of the settlement agreement. Counsel for Defendant advised he had lost contact with his client and intended to withdraw. It was agreed that the two motions, one to withdraw and one to enforce the settlement agreement could be heard together. However, on December 5, 2005, it was learned that Defendant's counsel had filed the expected motion but that it had been granted the same day it was filed.

The problem this leaves is that the Plaintiff has no one to serve with her motion to enforce the settlement agreement.

## II.

## BACKGROUND

On September 10, 2004, Plaintiff and Defendant Joseph John Herrera entered into a Settlement and Release. On September 13, 2004, the Court dismissed the action, but retained jurisdiction to enforce the terms of the Settlement if necessary.

Counsel for Plaintiff sent a letter dated November 17, 2005 to Defendant Herrerra's counsel demanding the payment of amounts in arrears under the Settlement.

On December 5, 2005, Plaintiff was served with the Order Granting Danilo T. Aguilar's Motion to Withdraw as Attorney of Record, Motion to Withdraw as Counsel, Notice of Withdrawal of Counsel, and Declaration of Counsel in Support of Motion to Withdraw.

## III.

## ARGUMENT

**A.     Standard of Motion for Relief from Judgment or Order**

Although commonly referred to as one for "reconsideration," a motion made under Fed. R. Civ. P. 60(b) is actually a "motion for relief from judgment or order." Under Rule 60(b), on

motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:

(6) any other reason justifying relief from the operation of the judgment.

Fed.R. Civ. P. 60(b) (6).

Rule 60(b)(6) permits the court to review and grant relief from a judgment for "any other reason justifying relief from the operation of the judgment. Such a rule, and particularly the provisions of (b)(6), gives the courts ample power to vacate judgments wherever that action is appropriate to accomplish justice." *White v. Investors Management Corp.*, 888 F.2d 1036, 1040 (4th Cir. 1989)(quoting 11 WRIGHT & MILLER, <u>Federal Practice and Procedure ' 2864, pp. 211-12 (1973)</u>). "Rule 60(b)(6), a catch-all provision, provides the trial court with essential equitable power to do justice in a particular case." *Lloyd v. Carnation Co.*, 101 F.R.D. 346, 347 (M.D.N.C. 1984).

One of the primary reasons that courts exercise this equitable power under Rule 60(b)(6) is to cover unforeseen contingencies intended to be a means for accomplishing justice in exceptional situations. "Once extraordinary circumstances or hardship is found, Rule 60(b)(6) is to be liberally applied to accomplish justice." *U.S. v. McDonald*, 86 F.R.D. 204, 208 (N.D.Ill. 1980)(quoting 7 MOORE'S FEDERAL PRACTICE ¶ 60.27(2)).

In this case, there exists an extraordinary circumstance why the motion for reconsideration should be granted. Plaintiff and Defendant Herrera executed a Settlement and Release. However, Defendant failed to pay as provided in the Settlement. A demand for payment was sent to Mr. Aguilar, Defendant Herrerra's counsel, whereby it was stated that if no

payment was made by Herrerra, Plaintiff would be forced to enforce the settlement agreement with the Court. Mr. Aguilar informed Plaintiff that Mr. Herrera had already left for the United States. He advised Plaintiff of his intent to withdraw but stated that the would do so by motion so that Plaintiff could also move to enforce the settlement at the same time. Plaintiff was served notice of the motion to withdraw only after the Court had already granted the motion, to the prejudice of Plaintiff. *See Declaration of Michael W. Dotts.*

**B.    Plaintiff Was Not Provided with Notice and Was Not Given an Opportunity to be Heard**

LR 83.5 (g)(4) provides that an attorney may withdraw from a civil or criminal case only after order of the court upon motion and for good cause shown, and *after serving notice upon* his or her client and *opposing counsel.*

In this case, Plaintiff was not timely informed of counsel's motion to withdraw. Plaintiff was only served notice after an order had already been issued by the Court granting counsel's motion to withdraw.

Plaintiff was entitled to be heard on counsel's motion to withdraw. Mr. Aguilar's notice of withdrawal was not set for hearing thereby depriving Plaintiff of the opportunity to be heard. Had Plaintiff been heard, Plaintiff would have sought Defendant's last known address or some other way to contact the Defendant. Plaintiff's motion to enforce the settlement could also have been properly heard because it would have been properly served.

Accordingly in the interest of justice, this Court should grant Plaintiff's Motion to Reconsider the Court's Order Granting Mr. Aguilar's Motion to Withdraw and schedule a hearing on this matter.

Respectfully submitted this 12 day of December, 2005.

O'CONNOR BERMAN DOTTS & BANES<br>
Attorneys for Plaintiff<br><br>
By: _____<br>
Michael W. Dotts<br>
(F0150)

3016-01-051205-MemoMotionForReconsideration